**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| SUSAN HIATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:10-cv-1081 |
| vs. ) | |
| ) | |
| ZWICKER & ASSOCIATES, P.C. ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

**COMPLAINT**

NOW COMES the Plaintiff, SUSAN HIATT, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, ZWICKER & ASSOCIATES, P.C., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Mentor, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a corporation of the State of Massachusetts, which is licensed to do business in Ohio and which has its principal place of business in Andover, Massachusetts

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about July 30, 2008, Defendant mailed a letter to Plaintiff in an attempt to collect an alleged debt. A copy of said letter is attached hereto as Exhibit 1.

8. On or about August 22, 2008, Plaintiff mailed a letter to Defendant disputing the alleged debt and requesting validation of the alleged debt pursuant to 15 U.S.C. § 1692g. A copy of said letter is attached hereto as Exhibit 2.

9. On or about August 25, 2008, Defendant received the aforementioned letter from Plaintiff.

10. Defendant did not respond to Plaintiff's letter, but instead, on or about September 2, 2008, continued collection efforts and mailed another letter to Plaintiff in an attempt to collect the alleged debt. A copy of said letter is attached hereto as Exhibit 3.

11. On or about October 18, 2008, Defendant sent Plaintiff another letter in an attempt to collect the alleged debt. A copy of said letter is attached hereto as Exhibit 4.

12. On or about October 27, 2008, Plaintiff mailed a second letter to Defendant, again requesting validation of the alleged debt. A copy of said letter is attached hereto as Exhibit 5.

13. On or about November 6, 2009, Defendant mailed another letter to Plaintiff in an attempt to collect the alleged debt. The letter purported to be a "payment reminder" when in fact, Plaintiff had never agreed to a repayment schedule. A copy of said letter is attached hereto as Exhibit 6.

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Continuing collection activities without providing verification of the debt to Plaintiff after Plaintiff requested verification of the debt in writing, in violation of 15 U.S.C. § 1692g(b); and

    b. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SUSAN HIATT, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $1,000.00 for each violation of the FDCPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## **COUNT II**

(Violation of the Ohio Consumer Sales Practices Act)

16. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

17. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

18. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

19. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

20. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

21. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

22. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, SUSAN HIATT, respectfully prays for a judgment against Defendant as follows:

    a. $200.00 statutory damages for each violation of the OCSPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Such other and further relief as may be necessary, just and proper.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

          Respectfully Submitted,

          /s/ David B. Levin
          David B. Levin (0059340)
          Mitchel E. Luxenburg (0071239)
          Attorneys for Plaintiff
          Luxenburg & Levin, LLC
          23240 Chagrin Blvd., Suite 601
          Beachwood, OH 44122-5452
          (888) 595-9111, ext. 711 (phone)
          (866) 382-0092 (facsimile)
          dlevin@attorneysforconsumers.com